IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:11-CR-00073-KDB-SCR-29

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **SUPPLEMENTAL ORDER** |
| MICHAEL ASHLEY, | |
| Defendant. | |

**THE COURT** issues this **ORDER** to supplement its order (Doc. 1158) which granted Defendant's *pro se* and counseled motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). The Court's initial order was issued to expeditiously direct Defendant's release from imprisonment. This Supplemental Order more fully explains the Court's reasoning.

## I. PROCEDURAL HISTORY

Defendant's plight first came to the Court's attention on September 12, 2022 when a letter was filed on his behalf (Doc.1120), apparently written by another inmate but signed by Defendant. Defendant filed motions for appointment of counsel on October 3, 2022 (Doc. 1123) and on October 28, 2022 (Doc. 1124).[1] The Court denied these motions without prejudice on November 4, 2022 as they were not supported by medical evidence. (Doc.1126)

Defendant filed a letter regarding appointment of counsel (Doc. 1130) on November 23, 2022, another motion for compassionate release on January 9, 2023 (Doc. 1139) and another motion for appointment of counsel (Doc. 1142) on January 31, 2023. This last motion was

---

[1] Filed with this motion was what was described as "medical records" (Doc. 1125), although it contained one page of the Warden's denial of his request for release and one page of a medical history summary.

accompanied by medical records (Doc. 1143) which for the first time provided the Court with significant evidence of the extent and severity of Defendant's physical and mental condition.

The Court ordered that counsel be appointed to Defendant on February 2, 2023. Counsel filed notices of appearance on March 23, 2023 (Doc. 1148) and May 12, 2023 (Doc. 1154). Defendant's counseled motion for compassionate release (Doc. 1155), including voluminous medical and other relevant exhibits, was filed on May 12, 2023.

The Court was persuaded that immediate compassionate release was justified and issued a brief Order (Doc. 1158) on May 17, 2023. The Court did not wish to delay, even by a few days, Defendant's release while drafting a more explanatory Order. This Supplemental Order more fully describes the Court's reasoning for granting the motion for compassionate release.

## II.     UNITED STATES SENTENCING GUIDELINE § 1B1.13

Defendant first asserts that he should be released pursuant to U.S.S.G § 1B1.13. By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) **Modification of an imposed term of imprisonment**. —The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction

    . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes eligible for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. Id. Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, at 186. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a terminal illness," is "suffering from a serious physical or medical condition," is "suffering from a serious functional or cognitive impairment" or "experiencing deteriorating physical or mental health

because of the aging process" if any of these factors "substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(A).

The Court is in doubt that Defendant would meet the requirements of § 1B1.13 even if applicable to Defendant filed motions for compassionate release. However, the Court need not decide the motion on this basis because it is persuaded that, in light of Defendant's overall circumstances, extraordinary and compelling reasons require his compassionate release.

### III. EXTRAORDINARY AND COMPELLING REASONS

The Court is persuaded that it should exercise its discretion pursuant to *McCoy* and find that extraordinary and compelling reasons exist for Defendant's compassionate release. The Court rejects Defendant's argument that because he was twice severely beaten by fellow inmates that his "conditions of confinement" justify release. The beatings are reprehensible but the affects of those beatings, not just that they happened, justify release. Beatings by fellow inmates in prison is sadly not extraordinary. If the Court were to find that every inmate assaulted, even severely, was entitled to release because of his conditions of confinement a great many inmates unworthy of release would be set free. Adoption of such a policy would also lead to impractical and undesirable results. Would inmates be incentivized to beat one another as an acceptable price for release? Should courts hold mini-trials to determine whether the compassionate release movant was in fact beaten, how severely, by whom, and why? Should the court defer ruling until the completion of an investigation by the Bureau of Prisons, and exhaustion of administrative remedies?

No, it is the affect of those beatings on Defendant's physical and mental health, and the Bureau of Prisons' unwillingness or inability to adequately treat his ailments, and protect him from inmate abuse, that compel his release.

## IV. Section 3553(a) Factors

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

The Court is satisfied by, and adopts, Defendant's arguments regarding the § 3553(a) sentencing factors. (Doc. 1155 at 24-28)

## V. ORDER REAFFIRMING RELEASE

The Court hereby reaffirms its previous Order. (Doc. 1158)

**IT IS SO ORDERED.**

Signed: May 22, 2023

Kenneth D. Bell
United States District Judge